# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Sarah Farrow,<br><br>                Plaintiff,<br>v.<br><br>Paramount Recovery Systems,<br><br>                Defendant. | Civil Action No.: 4:20-cv-4326<br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, the Plaintiff, Sarah Farrow, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Sarah Farrow ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Paramount Recovery Systems ("Paramount"), is a Texas business entity with an address of 7524 Bosque Boulevard, Suite L, Waco, Texas 76712, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

6.   A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

7.   The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.   The Debt was purchased, assigned or transferred to Paramount for collection, or Paramount was employed by the Creditor to collect the Debt.

9.   The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   Paramount Engages in Harassment and Abusive Tactics**

10.   On or around February 4, 2020, Paramount called Plaintiff in an attempt to collect the Debt.

11.   Paramount advised Plaintiff that the Debt was incurred by "Hunter King" for a medical bill with the date of service in 2014.

12.   Plaintiff informed Paramount that "Hunter King" was unknown to her. Plaintiff informed Paramount that her son's name was Hunter but he was born in 2017. As such, Plaintiff disputed the validity and ownership of the Debt.

13.   In response, Paramount stated that it would notate its system accordingly, and further warned Plaintiff that the Debt would appear on her credit as unpaid debt.

**C.   Plaintiff Suffered Actual Damages**

14.   The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

18. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

19. The Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant threatened to communicate false credit information.

20. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A)

    against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 22, 2020

    Respectfully submitted,

    By */s/ Jody B. Burton*

    Jody B. Burton, Esq.
    CT Bar # 422773
    LEMBERG LAW, L.L.C.
    43 Danbury Road, 3rd Floor
    Wilton, CT 06897
    Telephone: (203) 653-2250
    Facsimile:  (203) 653-3424
    E-mail: jburton@lemberglaw.com
    Attorneys for Plaintiff